Denise A. Dragoo (Utah Bar No. 908)
Paul W. Shakespear (Utah Bar No. 14113)
James P. Allen (Utah Bar No. 11195)
SNELL & WILMER L.L.P.
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
ddragoo@swlaw.com
pshakespear@swlaw.com
jpallen@swlaw.com

Attorneys for Intervenor-Defendant
Emery County Coal Resources Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| SIERRA CLUB, Plaintiff, v. KENT HOFFMAN, in his official capacity as Deputy State Director, Division of Lands and Minerals, Utah State Office, U.S. Bureau of Land Management; U.S. BUREAU OF LAND MANAGEMENT; and U.S. DEPARTMENT OF THE INTERIOR Defendants. | EMERY COUNTY COAL RESOURCES INC.'S MOTION TO INTERVENE AS A PARTY DEFENDANT AND ENTRY OF APPEARANCE OF COUNSEl<br><br>Case No. 4:22-cv-00037-PK<br><br>Magistrate Judge Paul Kohler |
|---|---|

Pursuant to Fed. R. Civ. P. 24, Emery County Coal Resources Inc. ("ECCR"), by and through undersigned counsel, hereby moves this Court for an order granting ECCR the right to intervene in this action, based on the following:

## I.   BACKGROUND

1.  This matter involves modifications of two federal coal leases (UTU-014218 and UTU-0126947 (the "Leases")), issued by the U.S. Department of the Interior ("DOI") as lessor, and assigned to UtahAmerican Energy, Inc. ("UEI") in 2000. Following Chapter 11 reorganization proceedings affecting UEI, the Leases were assigned to ECCR as lessee. The leases together covered 4,663 acres before the current modification.

2.  The Lease modifications added approximately 1,272 acres to the existing Leases. Kent Hoffman, BLM's Deputy State Director for Lands and Minerals in Utah, approved the modifications on January 5, 2021, which were issued to ECCR. True and correct copies of the federal lease modifications are attached hereto as Exhibit A.

3.  Since 2007, ECCR and its predecessor UEI have been mining coal from a Logical Mining Unit which includes the Leases, located at the Lila Canyon Mine in Emery County, Utah. The Lila Canyon Mine is an underground coal mine employing approximately 230-250 people to produce 3.5 million tons of coal per rolling 12-month average.

4.  Continued operation of the Mine is dependent on the development of federal coal reserves within the area added to the Leases. This additional coal will not increase annual coal production but will extend the life of the mine by 2-3 years. No surface use of the Lease modification area is anticipated.

5.  BLM's decision to modify the Leases does not authorize mining, which will be subject to additional approvals by the Utah Division of Oil, Gas and Mining (DOGM) under a cooperative agreement (30 C.F.R. § 944) with the federal Office of Surface Mining Reclamation and Enforcement.

## II.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 24(a) governs intervention as of right, and establishes that a motion to intervene must be granted if the motion is (1) "timely"; (2) the movant has "an interest

relating to the property or transaction"; (3) the movant is "so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) the existing parties do not "adequately represen[t]" the movant's interest. *See also Coal. of Arizona/New Mexico Counties*, 100 F.3d 837, 840 (10th Cir. 1996). The request to intervene by ECCR satisfies each of these elements as follows.

First, this motion is timely. "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246 1250 (10th Cir. 2001). The Complaint for Declaratory and Injunctive Relief was filed on June 10, 2022. The Federal Defendants have yet to file their Agency Statement responding to the Complaint. No scheduling orders have issued, nor have the Federal Defendants begun to assemble the administrative record. ECCR's proposed intervention is requested prior to the Court's entry of a Scheduling Order and is timely and no delay should occur to the Court or the parties by the intervention.

Second, the legal interests asserted by ECCR are directly related to the subject of this action. ECCR is the lessee of record, holding a 100% interest in the Leases, and proposes to mine federal coal reserves under the Lease at the Lila Canyon Mine in Emery County, Utah. The Tenth Circuit requires that the "interest in the proceedings be 'direct, substantial and legally protectable.'" *Vermejo Park Corp. v. Kaiser Coal Corp.*, 998 F.2d 783, 791 (10th Cir. 1993). In applying this standard, the Tenth Circuit has "tended to follow a somewhat liberal line in allowing intervention." *National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977). That approach is appropriate because the "interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as compatible with efficiency and due process." *Coal. of Arizona*, 100 F.3d at 839. As the Tenth Circuit has explained, this element is not to be strictly construed. *See id.* at 844. As a result, this Court "may consider any

significant legal effect in the applicant's interest and [it is] not restricted to a rigid res judicata test." *Nat. Res. Def. Council v. U.S. Nuclear Reg. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

Third, Plaintiff's request for relief in its Complaint seeks to vacate the Lease modifications. Because available coal reserves at Lila Canyon are nearly exhausted, the relief sought would compel ECCR to cease mining. This requested remedy clearly exceeds the minimum requirement to show that the action will "impair or impede" ECCR's rights. Vacating the Lease modifications will prevent ECCR from accessing the federal and state coal reserves needed for the continued operation of the Lila Canyon Mine. Only with the permission of this Court to intervene, can ECCR properly assert its rights and protect its interests in the Leases. Fed. R. Civ. P. 24(a). The property rights of the lessee and economic impact on ECCR of vacating the Lease modifications and halting mining operations at the Lila Canyon Mine will not otherwise be addressed by the current parties to the litigation who do not adequately represent the prospective intervenors' interests.

The burden of proof imposed by the fourth element of Rule 24(a) is slight. *National Farm Lines*, 564 F.2d at 383 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). "The possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Coal. of Arizona*, 100 F.3d at 845 (cleaned up) (quoting *Natural Resources Defense Council*, 578 F.2d at 1346. The situation in this case is "the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible." *Id.* (quoting *National Farm Lines*, 564 F.2d at 383). "[T]his kind of a conflict satisfies the minimal burden of showing inadequacy of representation" and ECCR should, therefore, be permitted to intervene. *Id.*

Counsel for ECCR has notified counsel for Plaintiff and the Office of the Solicitor, Intermountain Region representing Federal Defendants of its intent to intervene in this matter. The Office of the Solicitor confirmed, and the docket reflects, that Federal Defendants have yet to receive service of summons of the Complaint. The United States Attorney, District of Utah will be

-5-

served with this Motion and a courtesy copy will be provided to the Office of the Solicitor. Counsel for Plaintiff has not responded and will be served with this Motion electronically through ECF.

Based on the foregoing, ECCR respectfully requests the Court to enter an order authorizing it to intervene as a Defendant in this matter; amend the style accordingly; and authorize ECCR to file and serve a response to the Complaint. Pending the Court's ruling on this Motion to Intervene, ECCR continues to evaluate potential arguments that may be the subject of a motion to dismiss. Nevertheless, its fundamental position in this matter is reflected in the proposed *Intervenor Emery County Coal Resources, Inc.'s Statement Denying Arbitrary and Capricious Agency Action* in the form attached hereto as Exhibit B.

### III. APPEARANCE OF COUNSEL

Denise A. Dragoo (ddragoo@swlaw.com), Paul W. Shakespear (pshakespear@swlaw.com) and James P. Allen (jpallen@swlaw.com) of Snell & Wilmer L.L.P., 15 W. South Temple, Suite 1200, Salt Lake City, Utah 84101, give notice of their appearance as counsel for Intervenor-Defendant Emery County Coal Resources, Inc. in the above-captioned matter and request receipt of all notices and pleadings in this action.

DATED this 22nd day of June, 2022.

        Respectfully submitted,

        */s/ Denise A. Dragoo*
        Denise A. Dragoo
        Paul W. Shakespear
        James P. Allen
        SNELL & WILMER, L.L.P.

        *Attorneys for Intervenor-Defendant*
        *Emery County Coal Resources Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2022, I caused a true and accurate copy of the foregoing **EMERY COUNTY COAL RESOURCES INC.'S MOTION TO INTERVENE AS A PARTY AND ENTRY OF APPEARANCE OF COUNSEL** to be filed electronically with the Court which caused the following to be served electronically through ECF:

| | |
|---|---|
| Aaron C. Garrett<br>Executive Director<br>Nonprofit Legal Services of Utah<br>623 East 2100 South, Suite B1<br>Salt Lake City, UT 84116<br>(385) 419-4111<br>aaron@nonprofitlegalservices.com | Nathaniel Shoaff<br>Senior Attorney<br>Sierra Club Environmental Law Program<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612<br>(415) 977-5610<br>nathaniel.shoaff@sierraclub.org |

The following parties were served via hand-delivery and certified mail, return receipt requested:

| | |
|---|---|
| Kent Hoffman<br>Deputy State Director, Lands & Minerals<br>Bureau of Land Management<br>440 West 200 South, Ste. 500<br>Salt Lake City, UT 84101<br>khoffman@blm.gov | Trina Higgins<br>United States Attorney<br>District of Utah<br>111 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111-2176 |
| Erik E. Petersen<br>Office of the Solicitor<br>U.S. Department of the Interior<br>125 South State Street, Suite 6201<br>Salt Lake City, UT 84138<br>erik.petersen@sol.doi.gov | Andrew Simek<br>Office of the Solicitor<br>U.S. Department of the Interior<br>125 South State Street, Suite 6201<br>Salt Lake City, UT 84138<br>andrew.simek@sol.doi.gov |

                                                      */s/ Mindi K. Mordue*